**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**RICHIE EDWARDS**                                                                                       **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 1:26-cv-00090-TBM-RPM**

**LONG BEACH POLICE STATION**                                                          **DEFENDANT**

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte* on *pro se* Plaintiff Richie Edwards' failure to comply with Court Orders. When he initiated this lawsuit on March 26, 2026, Plaintiff was an inmate housed at the Harrison County Adult Detention Center in Gulfport, Mississippi. [1], p. 1. Plaintiff names the Long Beach Police Station as Defendant, [1], p. 1, and he has requested leave to proceed *in forma pauperis*, [2], pp. 1-2; [5], pp. 1-3.

On April 20, 2026, while screening this case under the Prison Litigation Reform Act, 28 U.S.C. § 1915, *et seq.*, the Court sent Plaintiff a packet of information relevant to the prosecution of this lawsuit. [6], pp. 1-6. Plaintiff was ordered to review the information and make one of two elections. Plaintiff was instructed that, "if he . . . wants to continue with this case," he should "sign the Acknowledgement (Form PSP-3) and return it to the Clerk of Court within thirty (30) days." [6], p. 1. Alternatively, "if he . . . wants to dismiss this case," Plaintiff was directed to "sign the Notice of Voluntary Dismissal (Form PSP-4) and return it to the Clerk of Court within thirty (30) days." [6], p. 1. Plaintiff was "warned that his . . . failure to return one or the other of the forms within thirty (30) days and his . . . failure to advise this court of a change of address . . . may result in this case being dismissed sua sponte, without prejudice, and without further written notice." [6], p. 2 (emphasis omitted). That Order [6] was mailed to Plaintiff at his last-known mailing

address, and it was returned to the Court as undeliverable in an envelope marked, "released." [7], p. 1. Plaintiff did not comply with the Court's Order [6] by the thirty-day deadline.

On June 3, 2026, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's Order. [8], p. 1. Plaintiff's responsive deadline was extended to June 17, 2026, and he was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice to him." [8], pp. 1-2. The Order to Show Cause [8] and a copy of the Court's April 20 Order [6] were mailed to Plaintiff at his last-known mailing address, and they were also returned to the Court as undeliverable. [9], p. 1. Plaintiff did not comply with the Order to Show Cause [8] by the June 17 deadline.

On July 1, 2026, the Court entered a Second and Final Order to Show Cause [10], directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [8] [6]." [10], p. 2. Plaintiff was ordered to file a written response on or before July 15, 2026. [6], p. 2. Plaintiff was also ordered, on or before the July 15 deadline, to comply with the Court's April 20 Order [6] "by signing and returning either the Acknowledgement (Form PSP-3) or Notice of Voluntary Dismissal (Form PSP-4)." [10], p. 2. Plaintiff was warned "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . *will result* in this lawsuit being dismissed without prejudice and without further notice to him." [10], p. 2 (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [8] [6]." [10], p. 2. The Second and Final Order to Show Cause [10], a copy of the Order to Show Cause [8], and a copy of the Court's April 20 Order [6] were mailed to Plaintiff at his last-known mailing address, and they were not returned to the Court as undeliverable.

Plaintiff has not complied with the Second and Final Order to Show Cause [10], and he has not communicated with the Court about his lawsuit since April 20, 2026. This inaction is despite being warned five times that a failure to comply with the Court's orders or to advise the Court of his current mailing address may lead to the dismissal of his case. *See* [1-1], p. 1; [3], p. 2; [6], p. 2, [8], p. 2; [10], p. 2. This inaction includes Plaintiff's failure to notify the Court of his current mailing address.

The Court may dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases." *Fauzi v. Royal Hospitality Services, LLC*, No. 1:14-cv-83-HSO-RHW, 2016 WL 3166581, at *2 (S.D. Miss. Jun. 6, 2016) (citing *Link*, 370 U.S. at 630). "Such a 'sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars' of the Court." *Id.* (quoting *Link*, 370 U.S. at 630-31). In this case, lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

Since Plaintiff has failed to comply with three Court Orders [10] [8] [6], the Court finds that this case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failing to respond to a Court order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this matter is **DISMISSED WITHOUT PREJUDICE.**

THIS, the 28th day of July, 2026.

                                                  _____

**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**